MILLER *v.* CHILDS.

1. RELIGIOUS SOCIETIES — LOANS — AUTHORITY TO EXECUTE NOTE AND MORTGAGE.

> At a parish meeting of an Episcopal church, the vestry submitted a report that it had arranged to purchase lots for a church and rectory, and that the Church Association of Michigan had signified its willingness to advance a certain amount, provided the property should be deeded to the association in trust for the parish, and that interest at 7 per cent. should be paid on the money advanced, and the principal should be paid in $100 installments.  The meeting authorized the vestry to carry out the arrangement.  *Held*, that the vestry was authorized to give notes for the amount secured.

2. SAME — EQUITY — ASSIGNMENT OF MORTGAGE — FORECLOSURE — DEFICIENCY.

> Where a religious society, through its vestry duly authorized, borrowed money to purchase lots for church purposes, and gave its notes secured by mortgage upon the property, and the mortgagee subsequently assigned to a third person, having accepted from the vestry a new note, given without the knowledge of the society, equity will treat the transaction as an assignment of the original debt and security, and, upon foreclosure of the mortgage, will hold the society for a deficiency.

Appeal from Menominee; Stone, J.   Submitted April 5, 1899.   Decided July 11, 1899.

Bill by Sidney D. Miller and others, executors of the last will and testament of Helen L. Frue, deceased, against George A. Childs, warden, and others, vestrymen, of Grace Church of Menominee, the Church Association of Michigan, and Grace Church of Menominee, to foreclose a mortgage. From a decree awarding foreclosure, but finding defendant Grace Church not liable for any deficiency, complainants appeal. Modified.

*Frederick T. Sibley* (*Sawyer & Waite*, of counsel), for complainants.

*B. J. Brown*, for defendant church.

HOOKER, J. The complainants foreclosed a mortgage which their testatrix received under the following circumstances: Grace Church, in Menominee, contemplated the erection of a rectory, and had negotiations with the Church Association of Michigan in relation thereto. Both are corporations. At a meeting of the parish, the vestry submitted a report that it had arranged to purchase two lots for church and rectory; that the Church Association had signified its willingness to advance such an amount of money, up to the amount of $2,200, as was necessary to complete the payment for the lots and erect a rectory, provided the property should be deeded to that association in trust for the parish, and that interest at 7 per cent. should be paid on the money advanced, and the principal should be paid in $100 installments. The meeting authorized the vestry to carry out the arrangement. Thereupon the deed was made by Grace Church to the Church Association, and a note was given for $900, which was paid, upon the purchase, by the Church Association, which gave its guaranty for payment of the balance of the purchase price. Subsequently the church gave the association another note for $1,300, being the balance of the loan of $2,200, which it received. This money was used in building the rectory. Some weeks after the giving of the second note, at a meeting of the vestry, a communication

was read from the secretary of the Church Association, asking the vestry to sign a note for $2,200, in favor of Helen L. Frue, to take the place of the former notes. This note was executed by the vestry, and reads as follows:

"$2,200.      DETROIT, MICHIGAN, 1st January, 1889.

"For value received, we, the undersigned, vestry of Grace Church, Menominee, Michigan, promise to pay to the order of Helen L. Frue, of Detroit, Michigan, the principal sum of twenty-two hundred dollars, on or before the first day of January, eighteen hundred and ninety-four, without grace, with interest at the rate of seven per centum per annum, payable on the first day of July next, and semi-annually thereafter, until the whole of said principal sum is paid; both principal and interest being payable at the office of the Detroit Savings Bank, in Detroit.

"This note is secured by a certain real-estate mortgage, of even date herewith, made by the Church Association of Michigan to said Helen L. Frue, and collateral thereto, the terms and conditions of which are made a part hereto."

It was sent to the secretary, and the Church Association thereupon executed to Helen L. Frue a mortgage for $2,200 upon the premises to secure this note. A deed was thereupon executed and delivered by the Church Association to Grace Church, and was accepted by its vestry, and it continued to occupy the premises for 10 years or more.

No opposition was made to the entry of a decree of foreclosure, but Grace Church contended that it is not liable for any deficiency. A decree for foreclosure and sale was made, but the court refused to hold Grace Church liable for a deficiency, and held that it was not so liable, and the complainants have appealed. It is contended that the parish did not authorize the giving of any note by the vestry, and that there is no evidence that it knew of the giving of the note to Helen L. Frue.

The testimony shows that Grace Church, at a parish meeting, directed its vestry to make a loan from the Church Association of $2,200, at 7 per cent., and to deed to the association, in trust, the lots which it had bought.

120 MICH.—41.

This was done, and there is no doubt that this deed was no more than a mortgage. Two notes were given, representing the payments made by the Church Association to the vestry. It does not appear when they were payable, and the defendant Grace Church claims that the vestry had no authority to give them, and it is also claimed that it had no authority to execute the note to Helen L. Frue, which was given to take the place of the notes first given. The effect of the resolution adopted at the meeting was to instruct the vestry to make a loan, and deed the property to the Church Association, and it was impliedly authorized to give the necessary evidence of indebtedness. The deed could not be expected to be adequate, for it would contain no covenant to repay the loan, and therefore would not support a decree for deficiency in case of foreclosure. 1 How. Stat. § 4665.

We are justified in assuming that the church expected the vestry to give some evidence of indebtedness, and it appears to have done so. Whatever we may think of the last question, the fact remains that Grace Church borrowed $2,200 of the Church Association, and gave its trust deed, i. e., mortgage, and two notes, to secure its payment. If no other writing had been made, on foreclosure of such trust deed Grace Church would be liable for the debt; and the fact that another note was afterwards substituted for them, which was unauthorized and void, as the defendant Grace Church contends, would not release the church from the duty of paying the debt, or its liability for the deficiency on foreclosure of the trust deed.

It may be said that the notes originally given were not in conformity to the resolution, which accepted a proposition to have them payable in $100 installments. This point is not made in the brief in behalf of Grace Church, and our attention is not called to any proof that they were not so made payable. The point is made that the resolution did not authorize the giving of any note; but we think otherwise, as already stated.

The Church Association had a right to assign its mort-

gage, and, if the note which it delivered to Helen L. Frue was void, equity will treat the transaction as an assignment of its debt and security.  The defendant Grace Church itself has been willing to treat the transaction as binding upon its interest in the land, but apparently seeks to avail itself of a technical point to shift the burden of paying a deficiency upon the Church Association.  It is not made clear to us that this effort to saddle a portion of its debt upon another is equitable.  The bill alleges all of the facts, and contains a prayer for general relief.  We think the complainants were entitled to a decree establishing the obligation of Grace Church, and the decree of the circuit court will be modified in that particular, and affirmed, with costs.

GRANT, C. J., MONTGOMERY and MOORE, JJ., concurred.  LONG, J., did not sit.